UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

RUTH and WILLIAM BRAWLEY,

              Plaintiffs,

      v.

UNITED STATES OF AMERICA, et al.,


           Defendants.

No. CV-04-394-FVS

ORDER DENYING AND
GRANTING SUMMARY JUDGMENT

    **THIS MATTER** came before the Court based upon the defendants' motions for summary judgment.  The United States was represented by Assistant United States Attorney Timothy M. Durkin.  The Gudgel Family, LLC, was represented by Sharon J. Bitcon.  The plaintiffs were represented by William L. Baker.

**BACKGROUND**

    During 1982, the United States Postal Service leased a parcel of real property in Medical Lake, Washington, from Richard and Bonnie Vandervert.  There are no other tenants and the Vanderverts did not retain the use of any part of the property.  Since 1982 or 1983, the Postal Service has operated a post office on the demised premises.  During 1997, the Vanderverts sold their interest to Kenneth and Helen Gudgel.  The premises are now owned by the Gudgel Family, LLC.  There is a sidewalk in front of the post office that is part of the demised premises.  Although the record is not entirely clear, the parties seem to agree the sidewalk is composed of slabs of concrete, two of which meet near the entrance to the post office.  One of the slabs is

ORDER DENYING AND GRANTING SUMMARY JUDGMENT - 1

slightly more elevated than the other.  The difference between the two is anywhere from one-eighth of an inch to one-half of an inch. On March 14, 2003, Ruth L. Brawley allegedly tripped over the offset between the two slabs.  It is undisputed she fell to the sidewalk, injuring herself in the process.  She and her husband, William Brawley, seek damages.  Since he did not present an administrative claim to the appropriate federal agency, the Court lacks jurisdiction over his claim against the United States.  28 U.S.C. § 2675(a).  By contrast, the Court has original jurisdiction over Mrs. Brawley's claim against the United States.  28 U.S.C. § 1346(b).  Finally, the Court will exercise supplemental jurisdiction over the plaintiffs' claims against the Gudgel Family, LLC.  28 U.S.C. § 1367.

### RUTH BRAWLEY'S NEGLIGENCE CLAIM AGAINST THE UNITED STATES

Mrs. Brawley's negligence claim against the United States is governed by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1), 2671-2680.  "Under the FTCA, the liability of the United States is determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred.'"  *Goodman v. United States*, 298 F.3d 1048, 1054 n.6 (9th Cir.2002) (quoting 28 U.S.C. § 1346(b)).  In the State of Washington, a person seeking damages based upon another's alleged negligence must prove the existence of a duty, a breach of the duty, and a resulting injury that was proximately caused by the breach.  *See Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994).

A. Duty

Mrs. Brawley fell while crossing demised premises on her way to pick up mail at the post office.  Thus, she was a business visitor, *Younce v. Ferguson*, 106 Wn.2d 658, 667, 724 P.2d 991 (1986), and the United States was required to exercise reasonable care with respect to any condition on the premises that posed an unreasonable risk of harm.  *Iwai v. State*, 129 Wn.2d 84, 93-4, 915 P.2d 1089 (1996).  The

ORDER DENYING AND GRANTING SUMMARY JUDGMENT - 2

United States argues that the offset over which she allegedly tripped was too small to pose an unreasonable risk of harm.  Washington courts consider a number of factors when deciding whether a city reasonably should have foreseen that a pedestrian would trip over an offset in a sidewalk.  *See, e.g., Johnson v. City of Ilwaco*, 38 Wn.2d 408, 413, 229 P.2d 878 (1951).  The parties seem to agree these factors are equally relevant in this context.  One of the factors is the magnitude of the offset.  *Id.*  Others include "[t]he nature and character of the sidewalk, its location, the amount of travel over it by pedestrians, [and] the extent to which the presence of the offset would ordinarily be seen or observed by travelers on the sidewalk[.]" *Id.*  Mrs. Brawley has presented testimony from other post office patrons who say they tripped over the offset on various occasions prior to her fall.  Although their testimony is far from overwhelming (not one of these patrons fell, much less sustained injury), it is enough to create a genuine issue of material fact with respect to whether the offset posed an unreasonable risk of harm.

    B. Proximate Cause

    Neither party has been able to locate a person who saw Mrs. Brawley trip and fall.  Furthermore, she candidly concedes she did not observe the precise place on the sidewalk where she tripped.  "I was walking on the sidewalk," she says, "and the next thing I knew I was laying [sic] on the sidewalk."  Given this concession, the United States submits Mrs. Brawley cannot prove that the variance between the two slabs of concrete was the proximate cause of her injury.  The absence of direct evidence does not preclude a finding of proximate cause.  Circumstantial evidence may be sufficient.  *Miller v. Likins*, 109 Wn. App. 140, 145, 34 P.3d 835 (2001).  Here, there is evidence that other post office patrons tripped over the offset prior to March 14, 2003, and that Mrs. Brawley sprawled across the offset after tripping and falling.  Given this largely undisputed evidence, she

ORDER DENYING AND GRANTING SUMMARY JUDGMENT - 3

argues it is reasonable to infer she tripped over the offset. Clearly, she is entitled to the benefit of all reasonable inferences that may be drawn in her favor. *See Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1040 (9th Cir.2003) (dictum), *cert. denied*, 540 U.S. 1111, 124 S.Ct. 1090, 157 L.Ed.2d 900 (2004). However, it is close question whether she is entitled to the benefit of the inference she seeks. As the government points out, the position of Mrs. Brawley's body after the fall tends to undermine her interpretation of the evidence. Nevertheless, the evidence presented by Mrs. Brawley is enough -- barely so, but yet enough -- to create a genuine issue of material fact with respect to whether the offset was the proximate cause of her fall.

**MRS. BRAWLEY'S NEGLIGENCE CLAIM AGAINST THE GUDGEL FAMILY, LLC**

The United States leases the real property upon which the post office sits. Mrs. Brawley claims the Gudgel Family, LLC, as landlord, may be held liable in tort for her injuries. To begin with, she argues the Gudgel Family, LLC, breached a provision in the lease requiring the landlord to inspect the demised premises and keep them in good repair. *Brown v. Hauge*, 105 Wn. App. 800, 804, 21 P.3d 716 (2001) ("Under the common law, a landlord generally is not liable to a tenant for personal injuries caused by a defective condition in the premises. . . . One exception to this rule imposes tort liability if the landlord covenants to maintain the premises in good repair, but fails to do so."). In addition, Mrs. Brawley argues the sidewalk in front of the post office is a common area. According to her, the Gudgel Family, LLC, has a duty to inspect it and keep it in good repair. *See McCutcheon v. United Homes Corp.*, 79 Wn.2d 443, 445, 486 P.2d 1093 (1971) (a landlord "who leases a portion of his premises but retains control over the approaches, common passageways, stairways and other areas to be used in common by the owner and tenants, has a duty to use reasonable care to keep them in safe

ORDER DENYING AND GRANTING SUMMARY JUDGMENT - 4

condition for use of the tenant in his enjoyment of the demised premises").

A. Contractual Provisions

The lease between the United States and the Gudgel Family, LLC, contains a "Maintenance Rider."  Mrs. Brawley does not dispute that it allocates responsibility for repairs as follows:

> The Postal Service shall be responsible for common repairs to and maintenance of the demised premises **except** for those repairs that are specifically made the responsibility of the lessor in this lease.

(Emphasis added.)  In view of this provision, the responsibility for repairing sidewalks outside the post office rests upon the United States unless the Maintenance Rider specifically allocates it to the Gudgel Family, LLC.  Paragraph "c" lists the repairs for which the Gudgel Family, LLC, is responsible.  Sidewalks are not specifically included on the list; nor, for that matter, are they implicitly included.  Given the absence of any reference to sidewalks, it is the United States, not the Gudgel Family, LLC, that is responsible for repairing them.  Thus, the lease does not impose upon the Gudgel Family, LLC, a duty of sidewalk repair that Mrs. Brawley may enforce in tort.  *See Teglo v. Porter*, 65 Wn.2d 772, 774, 399 P.2d 519 (1965) ("the contract defines the extent of the duty").

B. Common Area

Mrs. Brawley also argues the sidewalk in front of the post office constitutes a "common area" under Washington law.  However, the case upon which she relies for this proposition -- *Geise v. Lee*, 84 Wn.2d 866, 529 P.2d 1054 (1975) -- is readily distinguishable.  The plaintiff in that action lived in a mobile home park containing about 100 spaces for mobile homes.  Each home was leased by a separate tenant.  The homes were connected to each other and to public streets by common driveways over which the landlord (apparently) retained ultimate control.  *See id*. at 867-68.  This

ORDER DENYING AND GRANTING SUMMARY JUDGMENT - 5

case is much different.  Here, the entire parcel of property upon which the post office rests is being leased by, and is under the control of, the United States.  There is no evidence the Gudgel Family, LLC, retains control over any part of the demised premises, much less the area where Mrs. Brawley fell.  Accordingly, *Geise* has no application here.  The Gudgel Family, LLC, is not subject to the common law duty of repair that was imposed upon the landlord in that case.

IT IS HEREBY ORDERED:

1. The United States' motion for summary judgment (**Ct. Rec. 29**) is **denied** with respect to Ruth Brawley's claim and **granted** with respect to William Brawley's claim.  The latter's claim is dismissed without prejudice.

2. The Gudgel Family, LLC's motion for summary judgment (**Ct. Rec. 26**) is **granted.**  The plaintiffs' claims against the Gudgel Family, LLC, are dismissed with prejudice.

IT IS SO ORDERED.  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

DATED this ___21st___ day of December, 2005.

      s/Fred Van Sickle
        Fred Van Sickle
   United States District Judge